# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTOPHER MIORELLI and TRINA USA LLC,**
        **Plaintiffs,**

**-vs-**       **Case No. 6:13-cv-1321-Orl-22DAB**

**WYNDHAM VACATION RESORTS INC., WYNDHAM VACATION OWNERSHIP,**
        **Defendants.**
_____

**YVONNE KLEBBA and KENNETH KLEBBA,**
        **Plaintiffs,**

**-vs-**       **Case No. 6:13-cv-1322-Orl-22DAB**

**WYNDHAM VACATION RESORTS INC., WYNDHAM VACATION OWNERSHIP,**
        **Defendants.**
_____

**SUSAN HATZIPETRO and SCOTT HATZIPETRO,**
        **Plaintiffs,**

**-vs-**       **Case No. 6:13-cv-1323-Orl-22DAB**

**WYNDHAM VACATION RESORTS INC., WYNDHAM VACATION OWNERSHIP,**
        **Defendants.**
_____

**ERNEST W YAEGER, JR. ,**
        **Plaintiff,**

**-vs-**       **Case No. 6:13-cv-1324-Orl-22DAB**

**WYNDHAM VACATION RESORTS INC., WYNDHAM VACATION OWNERSHIP, RESORT CONDOMINIUMS INTERNATIONAL, LLC**
        **Defendants.**
_____

**GERRIT H BROUWER, JR , JOAN M BROUWER, BAR G INC and ESTATE OF GERRIT H BROUWER SR,**
        **Plaintiffs,**

**-vs-**       **Case No. 6:13-cv-1325-Orl-22DAB**

**WYNDHAM VACATION RESORTS INC., WYNDHAM VACATION OWNERSHIP, RESORT CONDOMINIUMS INTERNATIONAL, LLC**
        **Defendants.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on review of the Plaintiffs' Amended Complaints following orders to show cause. Previously, the Court ordered Plaintiffs to show cause why the case should not be dismissed for lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 for failure to properly allege the amounts in controversy, which were "conclusory or non-existent." Case No. 6:13-cv-1321-22DAB, Doc. 30.

On October 23, 2013, Plaintiffs in all of the above listed cases[1] were ordered to file their unredacted versions of the amended complaint. *See, e.g.*, Case No. 6:13-cv-1321, Doc. 47. Plaintiffs were ordered to provide in the amended complaints specific allegations of fact establishing an amount in controversy exceeding $75,000 to support diversity jurisdiction as to each plaintiff, or the cases would be subject to dismissal for lack of subject matter jurisdiction. *See id.*

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 427 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). The parties in this case are diverse: Plaintiffs alleges that Defendants are Delaware corporations with their principal places of business in Florida; Plaintiffs are from states outside of Florida or Delaware. The only jurisdictional prerequisite at issue here is the amount in controversy.

On October 28, 2013 Plaintiffs filed their Amended Complaints in the respective cases. *See, e.g.*, Case No. 6:13-cv-1321, Doc. 49. The crux of Plaintiffs' claims are that they own millions of

---

[1] These five related cases were recently transferred to this Court from the United States District Court for the Northern District of Alabama.

timeshare points – some of the largest Wyndham timeshare point holders in the world[2] – and Wyndham has allegedly eliminated benefits which affected Plaintiffs' ability to rent out their timeshare points.

Despite two warnings to clearly state the basis for the amount in controversy, the Amended Complaints are identical and deficient in their allegations concerning the amount in controversy.

Plaintiffs allege in the Amended Complaint:

> This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332, as the amount in controversy for each Plaintiff exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the Plaintiffs and the Defendants. Each of the Plaintiffs have invested well in excess of $75,000, exclusive of interest and costs, for a total investment of approximately $1,000,000 in timeshare points in order to operate their rental business. Plaintiffs will be seeking damages well in excess of $1,000,000 in this case based on Defendants' conduct, as described below, which has destroyed Plaintiffs' ability to continue to operate their business.

Case No. 6:13-cv-1321-22DAB, Doc. 49 ¶ 6. Although the allegations regarding the amount in controversy in the respective Amended Complaints contain varying amounts – apparently related to the timeshare points owned by each of the respective Plaintiffs – the amount in controversy allegations are otherwise identical. *See* Case No. 6:13-cv-1321-22DAB, Doc. 49 ¶¶ 6, 12 (total investment of $1 million; ownership of 30 million points); Case 13cv1322-22DAB, Doc. 55 ¶¶ 5, 11 (total investment of $2 million; ownership of 30 million points); Case 13cv1323-22DAB, Doc. 57 ¶¶ 6, 12 (total investment of $500,000; ownership of 30 million points); Case 13cv1324-22DAB, Doc. 77 ¶¶ 5, 12 (total investment of $750,000; ownership of 16 million points); Case 13cv1325-22DAB, Doc. 83 ¶¶ 8, 15 (total investment of $500,000; ownership of 8 million points).

Plaintiffs in the lowest-numbered case, Case No. 6:13-cv-1321-22DAB, filed a Response to the Order to Show Cause which adds nothing more to the allegations in the Amended Complaint: "Plaintiffs have invested in excess of $1 million in timeshare points in order to operate their rental business. Plaintiffs will be seeking damages well in excess of $1 million in this case based on

---

[2]Large pointholders were allegedly referred to as "Megarenters."

Defendants' conduct which has destroyed Plaintiffs' ability to continue to operate their business." Doc. 42 (September 26, 2013).

According to the Amended Complaints, Plaintiffs remain owners of the timeshare points that they allege as the basis for damages. They have failed to set forth any factual allegations that show how they have suffered more than $75,000 in damages (or any amount for that matter). It is respectfully **RECOMMENDED** that Plaintiffs' Amended Complaints be **DISMISSED** for lack of subject matter jurisdiction, specifically for failure to assert the amount in controversy.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 7, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy