# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTOPHER MIORELLI and TRINA USA LLC,**
       **Plaintiffs,**

**v.**                                                                                                          **Case No: 6:13-cv-1321-Orl-22DAB**

**WYNDHAM VACATION RESORTS INC.,**
**WYNDHAM VACATION OWNERSHIP,**
       **Defendants.**

---

**YVONNE KLEBBA and KENNETH KLEBBA,**
       **Plaintiffs,**

**v.**                                                                                                          **Case No: 6:13-cv-1322-Orl-22DAB**

**WYNDHAM VACATION RESORTS INC.,**
**WYNDHAM VACATION OWNERSHIP,**
       **Defendants.**

---

**SUSAN HATZIPETRO and SCOTT HATZIPETRO,**
       **Plaintiffs,**

**v.**                                                                                                          **Case No: 6:13-cv-1323-Orl-22DAB**

**WYNDHAM VACATION RESORTS INC.,**
**WYNDHAM VACATION OWNERSHIP,**
       **Defendants.**

---

**ERNEST W YAEGER, JR.,**
       **Plaintiff,**

**v.**                                                                                                          **Case No: 6:13-cv-1324-Orl-22DAB**

**WYNDHAM VACATION RESORTS INC.,**
**WYNDHAM VACATION OWNERSHIP,**
       **Defendants.**

---

**GERRIT H. BROUWER, JR., JOAN M. BROUWER, BAR G INC. and ESTATE OF GERRIT H. BROUWER SR.,**
       **Plaintiffs,**

**v.**                                                                                                          **Case No: 6:13-cv-1325-Orl-22DAB**

**WYNDHAM VACATION RESORTS INC.,**
**WYNDHAM VACATION OWNERSHIP,**
       **Defendants.**

---

**ORDER**

This cause is before the Court upon review of Plaintiffs' Amended Complaints following an Order to show cause. On November 8, 2013, Magistrate Judge Baker submitted a report recommending that Plaintiffs' Amended Complaints be dismissed for lack of subject matter jurisdiction, specifically for failure to assert the amount in controversy.[1]

After an independent *de novo* review of the record in this matter, including the objections filed by Plaintiffs, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation ("R & R").

## I. BACKGROUND

Defendants Wyndham Vacations Resorts Inc. and Wyndham Vacation Ownership ("Wyndham") develop, market, and sell vacation ownership interests at various resorts it owns around the world. (Doc. No. 49 at ¶¶ 10, 11). The buyers' ownership interests are reflected by an allocation of "points," which are proportionate to an owner's interest. (*Id.* at ¶ 14). These timeshare points are then used to make reservations at various Wyndham resorts around the world. (*Id.* at ¶¶ 15, 16). Plaintiffs consist of some of Wyndham's top point-holders. (*Id.* at ¶ 12). Plaintiffs claim that Wyndham has eliminated certain benefits for these so-called "Megarenters," which has affected Plaintiffs' ability to rent out their timeshare points. (*Id.* at ¶¶ 20-26).

On August 28, 2013, these five related cases were transferred here from the United States District Court for the Northern District of Alabama. Regarding the amount in controversy, each of Plaintiffs' original Complaints alleged, "This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000,

---

1 *See* Case No. 6:13-cv-1321-Orl-22DAB, (Doc. No. 51); Case No. 6:13-cv-1322-Orl-22DAB, (Doc. No. 57); Case No. 6:13-cv-1323-Orl-22DAB, (Doc. No. 59); Case No. 6:13-cv-1324-Orl-22DAB, (Doc. No. 79); Case No. 6:13-cv-1325-Orl-22DAB, (Doc. No. 85). As the Court addresses all five cases, unless otherwise noted, citations in this Order are to the lowest numbered case.

exclusive of interest and costs, and there is complete diversity of citizenship between the Plaintiffs and the Defendants." (Doc. No. 4).

On September 12, 2013, Judge Baker issued, *sua sponte*, an Order to Show Cause in the lowest numbered case, ordering Plaintiffs to show cause "why the case should not be dismissed for lack of federal subject matter jurisdiction." (Doc. No. 30 at p. 2). Specifically, Judge Baker stated, "the allegations in the Complaint regarding the amounts in controversy as to each Plaintiff are conclusory or non-existent. In this aspect as well,[2] the Complaint fails to set forth a basis for federal jurisdiction." (*Id.* at pp. 2-3).

Plaintiffs responded to Judge Baker's Order to Show Cause and asserted in conclusory fashion:

> For each Plaintiff, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiffs have invested in excess of $1,000,000.00 in timeshare points in order to operate their rental business. Plaintiffs will be seeking damages well in excess of $1,000,000.00 in this case based on Defendants [sic] conduct which has destroyed Plaintiffs' ability to continue to operate their business.

(Doc. No. 42 at ¶ 7).

Thereafter, On October 23, 2013, Judge Baker issued an Order denying a motion to reconsider related to the filing of unredacted Complaints. (Doc. No. 47). Judge Baker ordered Plaintiffs in each of the cases to file unredacted versions of the amended complaints that corrected the "jurisdictional defects as discussed in the Court's September 12, 2013 Order to Show Cause." (*Id.* at p. 2). He further stated that "the amended complaints should provide specific allegations of fact establishing **the amounts in controversy as to each plaintiff**, or the

---

2 Judge Baker also questioned whether diversity of citizenship existed between the parties. This jurisdictional issue was cured in the Amended Complaint.

cases will be **subject to remand for lack of subject matter jurisdiction**." (*Id.*) (emphasis in original).

Plaintiffs filed their respective Amended Complaints, which, despite Judge Baker's admonitions, did not amplify on the amount in controversy allegations. In the Amended Complaint, Plaintiffs alleged:

> Each of the Plaintiffs have invested well in excess of $75,000, exclusive of interest and costs, for a total investment of approximately $1,000,000 in timeshare points in order to operate their rental business. Plaintiffs will be seeking damages well in excess of $1,000,000 in this case based on Defendants' conduct, as described below, which has destroyed Plaintiffs' ability to continue to operate their business.

(Doc. No. 49 at ¶ 6). On November 7, 2013, after reviewing Plaintiffs' Response to Order to Show Cause and Plaintiffs' Amended Complaints, Judge Baker issued the R & R. After reciting the relevant background, Judge Baker stated,

> The crux of Plaintiffs' claims are that they own millions of timeshare points – some of the largest Wyndham timeshare point holders in the world – and Wyndham has allegedly eliminated benefits which affected Plaintiffs' ability to rent out their timeshare points.
>
> Despite two warnings to clearly state the basis for the amount in controversy, the Amended Complaints are identical and deficient in their allegations concerning the amount in controversy.
>
> . . . .
>
> Although the allegations regarding the amount in controversy in the respective Amended Complaints contain varying amounts – apparently related to the timeshare points owned by each of the respective Plaintiffs – the amount in controversy allegations are otherwise identical. *See* Case No. 6:13-cv-1321-22DAB, Doc. 49 ¶¶ 6, 12 (total investment of $1 million; ownership of 30 million points); Case 13cv1322-22DAB, Doc. 55 ¶¶ 5, 11 (total investment of $2 million; ownership of 30 million points); Case 13cv1323-22DAB, Doc. 57 ¶¶ 6, 12 (total investment of $500,000; ownership of 30 million points); Case 13cv1324-22DAB, Doc. 77 ¶¶ 5, 12 (total investment of $750,000; ownership of 16 million points); Case 13cv1325-22DAB, Doc. 83 ¶¶ 8, 15 (total investment of $500,000; ownership of 8 million points).
>
> . . . .

> According to the Amended Complaints, Plaintiffs remain owners of the timeshare points that they allege as the basis for damages. They have failed to set forth any factual allegations that show how they have suffered more than $75,000 in damages (or any amount for that matter).

(Doc. No. 51 at pp. 2-4). Therefore, Judge Baker recommended that Plaintiffs' Amended Complaints be dismissed for lack of subject matter jurisdiction, specifically for failure to assert the amount in controversy. (*Id.* at p. 4).

## II.   LEGAL STANDARD

In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112, 103 S.Ct. 744 (1983). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S. Code Cong. & Admin. News 6162, 6163). A district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper–Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

## III.   PLAINTIFFS' OBJECTIONS AND COURT'S ANALYSIS[3]

On *de novo* review, the Court agrees with Magistrate Judge Baker that Plaintiffs have failed to sufficiently plead the requisite jurisdictional amount in controversy. In their respective Amended Complaints, Plaintiffs make broad statements about their initial investments and allege

---

3 Wyndham neither objected to the R & R nor filed a response to Plaintiffs' objections.

damages based on Wyndham's conduct. However, Plaintiffs *again* fail to provide additional facts to give context to these alleged damages as Judge Baker twice required; instead Plaintiffs baldly re-assert their identical and deficient allegations concerning the amount in controversy. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000) ("'It is the plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation.'" (citations omitted)). After being given the opportunity to show cause, Plaintiffs filed their Amended Complaints which did not amplify on their jurisdictional allegations as to the amount in controversy:

> Each of the Plaintiffs have invested well in excess of $75,000, exclusive of interest and costs, for a total investment of approximately $1,000,000 in timeshare points in order to operate their rental business. Plaintiffs will be seeking damages well in excess of $1,000,000 in this case based on Defendants' conduct, as described below, which has destroyed Plaintiffs' ability to continue to operate their business.

(Doc. No. 49 at ¶ 6).[4] This is entirely insufficient. *See Morrison*, 228 F.3d at 1272 n.17 ("[A] conclusory allegation that the amount in controversy requirement is satisfied [is] insufficient to sustain jurisdiction once that allegation is challenged . . . ." (citation omitted)).

Plaintiffs object to the R & R and state that they have adequately pled the jurisdictional amount for diversity jurisdiction. (Doc. No. 54 at p. 4). Plaintiffs first restate their general allegations: Wyndham sales agents represented that Plaintiffs would be able to use the Wyndham systems to run rental businesses with their timeshares; in reliance on these representations, Plaintiffs bought millions of points; and with Wyndham's knowledge and encouragement, Plaintiffs began to rent their points out for profit. (*Id.* at pp. 2-4). Subsequently, Wyndham amended its membership directory to explicitly prohibit the use of points for "commercial

---

[4] *Cf.* (Doc. No. 42 at ¶ 7).

purposes." (*Id.* at p. 4). Thus, Plaintiffs claim that their timeshare points have been "substantially devalued" and their ability to rent points has been eliminated, while the burden of maintenance and other fees remain. (*Id.*).

Generally, a court owes some deference to a diversity plaintiff's amount in controversy allegations, and should dismiss the suit for lack of jurisdiction only when "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]." *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Nonetheless, that deference does not eviscerate the court's obligation to scrupulously enforce its jurisdictional limitations. *Morrison*, 228 F.3d at 1272. Plaintiffs argue that prior to this case being transferred to the Middle District of Florida, the Northern District of Alabama retained jurisdiction over Plaintiffs' claims based on their general allegation that the amount in controversy exceeds $75,000. (Doc. No. 54 at p. 5). However, "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiffs suggest that their initial investments, which vary from $500,000 to $2,000,000, combined with the allegation that they seek damages in excess of $1,000,000, sufficiently establishes the amount in controversy. (Doc. No. 54 at p. 5). Plaintiffs state: "[T]hroughout Plaintiffs' Complaints they have described how Wyndham has substantially devalued Plaintiffs' $500,000 to $2,000,000 investments, significantly impaired and prevented Plaintiffs from renting their points and otherwise caused Plaintiffs to lose hundreds of thousands of dollars." (*Id.*). However, upon review of the Amended Complaints, the Court finds that Plaintiffs' generic and

conclusory pleading is insufficient to establish the amount in controversy; especially, in an analysis requiring Plaintiffs to plead "with sufficient particularity the facts creating jurisdiction." *See Morrison*, 228 F.3d at 1273. Plaintiffs have failed to set forth factual allegations, as Judge Baker *twice* required, "to show how they have suffered more than $75,000 in damages (or any amount for that matter)." (Doc. No. 51 at p. 4). Thus, the Court agrees with Judge Baker that Plaintiffs remain the owners of the timeshare points that they are alleging as the basis for their damages and that Plaintiffs have failed to set forth factual allegations to show how they have suffered more than $75,000 in damages.

As an alternative to outright dismissal, Plaintiffs request an opportunity to submit affidavit evidence related to their damages. (Doc. No. 54 at pp. 6-7). Plaintiffs cite to *Morrison* and *Majd-Pour* for the proposition that "a plaintiff must have ample opportunity to present evidence bearing on the existence of jurisdiction." *Morrison*, 228 F.3d at 1273 (citations omitted); *Majd–Pour v. Georgiana Comm. Hosp., Inc.*, 724 F.2d 901 (11th Cir. 1984) ("Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction."). Plaintiffs fail to recognize that they have been provided more than ample opportunity to cure any defects related to their jurisdictional allegations.

Judge Baker's September 12, 2013 Order required Plaintiffs to show cause why the case should not be dismissed for lack of subject matter jurisdiction because "the allegations in the Complaint regarding the amounts in controversy as to each Plaintiff are conclusory or non-existent . . . . [T]he Complaint fails to set forth a basis for federal jurisdiction." (Doc. No. 30 at pp. 2-3). In response, Plaintiffs summarily stated,

> For each Plaintiff, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiffs have invested in excess of

> $1,000,000.00 in timeshare points in order to operate their rental business. Plaintiffs will be seeking damages well in excess of $1,000,000.00 in this case based on Defendants [sic] conduct which has destroyed Plaintiffs' ability to continue to operate their business.

(Doc. No. 42 at ¶ 7). On October 23, 2013, Judge Baker, in issuing an order to file unredacted versions of the amended complaints, ordered Plaintiffs to correct the "jurisdictional defects as discussed in the Court's September 12, 2013 Order to Show Cause." (Doc. No. 47 at p. 2). He further stated that "the amended complaints should provide specific allegations of fact establishing **the amounts in controversy as to each plaintiff**, or the case will be **subject to remand for lack of subject matter jurisdiction**." (*Id.*) (emphasis in original). Plaintiffs filed their respective Amended Complaints, which, despite Judge Baker's admonitions, did not amplify on Plaintiffs' previous response:

> Each of the Plaintiffs have invested well in excess of $75,000, exclusive of interest and costs, for a total investment of approximately $1,000,000 in timeshare points in order to operate their rental business. Plaintiffs will be seeking damages well in excess of $1,000,000 in this case based on Defendants' conduct, as described below, which has destroyed Plaintiffs' ability to continue to operate their business.

(Doc. No. 49 at ¶ 6).[5]

Because Plaintiffs have failed to set forth factual allegations, despite two clear admonishments from the Magistrate Judge, to show how they have suffered more than $75,000 in damages, Plaintiffs' Amended Complaints are due to be dismissed for lack of subject matter jurisdiction.

---

5 As Judge Baker noted, although the amount in controversy allegations in the Amended Complaints contain varying amounts related to timeshare points owned by the respective Plaintiffs, the allegations are otherwise identical. *Compare* Case No. 6:13-cv-1321-22DAB, (Doc. No. 49 at ¶¶ 6, 12) (total investment of $1 million; ownership of 30 million points); *with* Case No. 6:13-cv-1322-22DAB, (Doc. No. 55 at ¶¶ 5, 11) (total investment of $2 million; ownership of 30 million points); Case No. 6:13-cv-1323-22DAB, (Doc. No. 57 at ¶¶ 6, 12) (total investment of $500,000; ownership of 30 million points); Case No. 6:13-cv-1324-22DAB, (Doc. No. 77 at ¶¶ 5, 12) (total investment of $750,000; ownership of 16 million points); *and* Case No. 6:13-cv-1325-22DAB, (Doc. No. 83 at ¶¶ 8, 15) (total investment of $500,000; ownership of 8 million points).

## IV.  CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. The Magistrate Judge's November 8, 2013 Report and Recommendation, Case No: 6:13-cv-1321-Orl-22DAB, (Doc. No. 51), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The following Plaintiffs' Objections to Report and Recommendations, filed on November 21, 2013, are **OVERRULED**:

    a. 6:13-cv-1321-Orl-22DAB, (Doc. No. 54).

    b. 6:13-cv-1322-Orl-22DAB, (Doc. No. 60).

    c. 6:13-cv-1323-Orl-22DAB, (Doc. No. 62).

    d. 6:13-cv-1324-Orl-22DAB, (Doc. No. 82).

    e. 6:13-cv-1325-Orl-22DAB, (Doc. No. 88).

3. The following Amended Complaints are **DISMISSED without prejudice**:

    a. 6:13-cv-1321-Orl-22DAB, (Doc. No. 49).

    b. 6:13-cv-1322-Orl-22DAB, (Doc. No. 55).

    c. 6:13-cv-1323-Orl-22DAB, (Doc. No. 57).

    d. 6:13-cv-1324-Orl-22DAB, (Doc. No. 77).

    e. 6:13-cv-1325-Orl-22DAB, (Doc. No. 83).

4. The Clerk shall **DENY** any pending motions in the following cases **as moot** and **CLOSE** these cases:

    a. 6:13-cv-1321-Orl-22DAB

    b. 6:13-cv-1322-Orl-22DAB

    c. 6:13-cv-1323-Orl-22DAB

    d. 6:13-cv-1324-Orl-22DAB

    e. 6:13-cv-1325-Orl-22DAB

**DONE** and **ORDERED** in Orlando, Florida on March 11, 2014.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Baker